THE HONORABLE RICHARD A. JONES

U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>　　　v.<br><br>ANTHONY RIPLEY,<br><br>　　　Defendant | Case No.:  CR18-157RAJ<br><br>DEFENDANT RIPLEY'S<br>SENTENCING MEMORANDUM |

　　　Mr. Ripley will come before this Court to accept the Court's punishment for his offenses that require a 10-year minimum term.  Mr. Ripley is a middle-aged man, a high school graduate, whose early years were tragically unstable.  He is embarrassed to find himself facing a lengthy prison term again.  He has, however, fully accepted responsibility for his offense.

　　　He joins in the recommendation of the U.S. Probation Office and respectfully asks the Court to impose 120 months in custody.  That term would be sufficient to accomplish the goals of sentencing, while recognizing that imprisonment is not an appropriate means of promoting rehabilitation.  To spend the next decade, especially for a person of Mr. Ripley's age (45 years old), separated from free society is severe punishment.  Mr. Ripley has shown that he can be a productive member of society.  He plans to cherish his freedom when he eventually regains it.

In their letters attached as Exhibit A, Mr. Ripley's family and supporters share the positive traits for which they admire him.  His friend, Susan Rose, from Pioneer Human Services describes him as "a patient and caring person" who comes from a difficult background.  She writes that she is committed to helping him stay on the right path during his re-entry period back into society.  She expresses that she wants him to understand that she is serious about being present to help him succeed in his recovery.  Another letter from a person Mr. Ripley came to know through Pioneer Human Services is also attached.  Ruthanne VanDiver is the Director of Service Delivery & Outcomes.  She describes Mr. Ripley's past participation in Pioneer's Roadmap to Success program.  She explains that he was previously employed through Pioneer Industries and showed himself to be "a committed, reliable employee."  Perhaps most importantly, Ms. VanDiver states that "Pioneer is willing and able to provide assistance to [Mr. Ripley] in re-entering this community again."

The next letter is from Levon and Synobia Armstrong, who also spoke to Probation Officer Cowan during the pre-sentence investigation.  They describe themselves as Mr. Ripley's parents from the time that their son brought him to them twenty-seven years ago.  They continue to love and support him.  The final letter is from Mr. Ripley's former house-mate, Makayla Mohr.  Ms. Mohr is a young mother who needed a roof for herself and her daughter and boyfriend.  Mr. Ripley allowed them to stay in his small house.  Ms. Mohr expresses her gratitude to Mr. Ripley for helping her.

<u>Mr. Ripley's History and Characteristics</u>

The PSR explains in detail Mr. Ripley's life, from his tragic childhood through the present.  Attached as Exhibit B are Mr. Ripley's letter to the Court and a Certificate he recently

earned for completing the "21 Days of Gratitude Challenge" at the FDC.  In his letter, Mr. Ripley explains that after injuring his back during a work place injury involving moving a heavy garbage dumpster he spiraled downward, falling back into substance abuse.  He accepts that he hasn't conquered the demons within.  He will participate in substance abuse and mental health counseling to the extent the Bureau of Prisons offers them.  He is also hoping that he can gain additional work skills while in prison.  He asks the Court not to give up on him yet.

<u>A Sentence that Will Promote Respect for the Law</u>

Mr. Ripley submits that a sentence of 120 months is sufficient punishment.  The advisory guidelines range is 117 to 131 months.  (Defense understand that the final PSR will be corrected to reflect this range, which the parties agree is correct.)  The mandatory minimum sentence of 120 months would provide very serious punishment by providing for a lengthy prison term and the additional four or five year-term of supervised release will ensure the protection of the community.  As noted by United States Probation, Mr. Ripley has demonstrated that while under the guiding hand of a probation officer he is law-abiding and a productive community member.  U.S. Probation's Sentencing Recommendation at 4-5.

Defense took exception to the government's argument to probation that the Career Offender Guideline applies in his case.  The Probation Office rejected this argument, noting that the current state of the law does not support its application because of the Ninth Circuit's decisions in *United States v. Valdivia-Flores*, 876 F.3d 1201 (9th Cir. 2017) and *United States v. Franklin*, 904 F.3d 793 (9th Cir. 2018).  PSR Addendum: Objections by the Government, Paragraph 26.  The government acknowledges that imposing a sentence pursuant to the Career

Offender Guideline would result in an unjust sentence.  Govt's Sentencing Memorandum at 8 (recommending 132 months as a product of the guidelines and the 3553(a) factors).

  Mr. Ripley is not a member of any gang.  The ambiguous statement to the UC, Govt's Sentencing Memorandum at 4, lines 5-7, appears it was intended to suggest that he does not like bikers, while not wanting to appear to be "cowardly" to the UC who was posing as a drug and gun dealer who was bragging about selling guns to bikers.  In fact, the law enforcement investigation turned up no evidence that Mr. Ripley was involved with gang members despite extensive surveillance of Mr. Ripley to and from his house during the months of May and June.  Mr. Ripley's postings on Facebook show him wearing typical sportswear for this area in typical colors, including sporting a Mariner's ball cap.  He is not throwing gang signs or posing in photographs with known gang members.  He does not brag of any *current* affiliation.  His prior involvement with the Hilltop Crips ended in the 1990s. PSR ¶54.  In response to the prior gang activity on the Hilltop of Tacoma, the city moved away from that name, but several years ago the City of Tacoma reclaimed the name "Hilltop" for the upper Tacoma area.  The biggest current news about this area, according to The News Tribune newspaper, is that Tacoma's streetcar system will be expanded from downtown to the Hilltop and the new Hilltop Tacoma Link will open in the year 2020.  "Hilltop streetcar's 2.4 mile route extension breaks ground Monday," 11/26/2018, published at https://www.thenewstribune.com/latest-news/article221816885.html.

  While Mr. Ripley had firearms at his house, for which he accepted responsibility and will be punished, there is no evidence that he was armed during any meeting with the codefendant and the UC.  Only the codefendant got involved in selling a firearm to the UC (May 29, 2018 and May 30, 2018).  Mr. Ripley does not deny that he fell hard from his redeemed life.  He

wanted to be successful.  Unfortunately a serious workplace injury that caused him significant back pain and loss of income from his job started him on the downward trajectory.  He did not want to become actively addicted again.  He failed.  When he was arrested and charged, Mr. Ripley admitted to all of the offense conduct with which the government charged him.  He has fully participated in the presentence investigation.  He is preparing for how to make the best use of the lengthy sentence he will serve in federal prison, so that when he is released in his 50s he will be able to rejoin free society permanently.  He has support from Pioneer Human Services who have already offered to take him back into their job training and work program.  He has support from the family he formed later in his life with the Armstrongs.  He will have the support of a highly-trained probation officer who will enforce the significant restrictions on his liberty during his lengthy term of supervision.  With all of these supports, and given that he will be at an age when recidivism rates fall dramatically, Mr. Ripley will find success.  "Older offenders were substantially less likely than younger offenders to recidivate following release.  Over an eight-year follow-up period, 13.4 percent of offenders age 65 or older at the time of release were rearrested compared to 67.6 percent of offenders younger than age 21 at the time of release." *The Effects of Aging on Recidivism Among Federal Offenders*, U.S. Sentencing Commission, December 2017, at 3.

      Mr. Ripley respectfully asks the Court to sentence him to 120 months in prison followed by a four-year term of supervised release with all of the highly restrictive conditions recommended by probation.  Such a sentence is sufficient.  Fourteen continuous years of incarceration and release to strict supervision and rules of conduct will serve to protect the

community and promote respect for the law and yet will not crush Mr. Ripley, who still hopes to create a life in the community.

Dated this 26th day of November, 2018.

Respectfully submitted,

s/Catherine Chaney

Catherine Chaney, WSBA No. 21405
Attorney for Defendant
catherine@camielchaney.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I ELECTRONICALLY FILED THE FOREGOING AND THE ATTACHED LETTERS IN SUPPORT WITH THE CLERK OF THE COURT, USING THE CM/ECF SYSTEM, WHICH WILL NOTIFY THE ATTORNEYS OF RECORD IN THIS CASE.

DATED THIS 26th DAY OF NOVEMBER, 2018
s/Catherine Chaney
CATHERINE CHANEY, ATTORNEY FOR DEFENDANT